1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
2 | Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
3 | ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4 | mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
5 | Costa Mesa, California 92626-1993
Telephone:  714.513.5100
6 | Facsimile:   714.513.5130

7 | QUARLES & BRADY LLP
LAUREN ELLIOTT STINE
8 | lauren.stine@quarles.com
One Renaissance Square
9 | Two North Central Avenue
Phoenix, Arizona  85004
10 | Telephone:  602.229.5200
Facsimile:   602.229.5690

11 |

12 | Attorneys for Defendant,
SMITH'S FOOD & DRUG CENTERS,
INC.

13 |

14 |

15 | IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

16 |

17 | Advocates for Individuals with
Disabilities, LLC and David
18 | Ritzenthaler,

19 |                Plaintiff,

20 |        v.

21 | SMITH'S FOOD & DRUG CENTERS,
INC.,
22 |

23 |                Defendants.

24 |

25 |

26 |

Case No. 2:16-CV-01586-JJT

**SMITH'S FOOD & DRUG
CENTERS, INC.'S MOTION FOR
CONSOLIDATION**

**Courtroom:  525**

1    Pursuant to Federal Rule of Civil Procedure 42 and Local Rule 42.1,
2 Defendant Smith's Food and Drug Centers, Inc. (hereinafter "Defendant"), hereby
3 moves this Court to enter an Order consolidating the above-captioned action,
4 *Advocates for Individuals with Disabilities LLC and David Ritzenthaler v. Smith's*
5 *Food and Drug Centers, Inc.*, 2:16-CV-01586-JJT ("Lawsuit 1"), with *Advocates*
6 *for Individuals with Disabilities, LLC and David Ritzenthaler v. Fry's Food and*
7 *Drug Stores, Inc.*, Case No. 2:16-cv-01587-SPL ("Lawsuit 2"); *Advocates for*
8 *Individuals with Disabilities Foundation, Inc., v. Smith's Food and Drug Centers,*
9 *Inc.*, Case No. 2:16-cv-02770-SPL ("Lawsuit 3"); *Advocates for Individuals with*
10 *Disabilities Foundation, Inc. v. Smith's Food and Drug Centers, Inc.*, Case No.
11 2:16-cv-02706-DGC ("Lawsuit 4"); *Advocates for Individual with Disabilities*
12 *Foundation, Inc. v. Smith's Food and Drug Centers, Inc.*, Case No. 2:16-cv-02711-
13 JJT ("Lawsuit 5"), and *Advocates for Individuals with Disabilities Foundation, Inc.*,
14 Case No. 2:16-CV-02781-SRB ("Lawsuit 6"), for all purposes, including discovery,
15 pretrial proceedings and trial.  Judicial economy and the interests of justice favor
16 consolidation as the six actions involve common factual and legal issues.

17    This Motion is supported by the following Memorandum of Points and
18 Authorities, the Declaration of Michael J. Chilleen attached hereto as Exhibit "1",
19 the entire record in the Lawsuits, and any additional matter or argument that this
20 Court may consider at the hearing of this motion.

21    In accordance with Rule 42 of the Federal Rules of Civil Procedure and
22 Local Rule 42.1, this Motion has been filed in the case with the lowest case number
23 in which the movant is a party.  A proposed form of Order is also submitted
24 concurrently herewith.

25
26

1    RESPECTFULLY SUBMITTED this 16th day of September, 2016.

2

3                    SHEPPARD, MULLIN, RICHTER &
                     HAMPTON LLP
                     A Limited Liability Partnership
4                    Including Professional Corporations
                     650 Town Center Drive, 4th Floor
5                    Costa Mesa, California 92626-1993

6                    QUARLES & BRADY LLP
                     Renaissance One
7                    Two North Central Avenue
                     Phoenix, AZ  85004-2391

8
                     By /s/ Gregory F. Hurley
9                         Gregory F. Hurley

10                   *Attorneys for Defendant Smith's Food & Drug
                     Centers, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs have filed six nearly identical ADA lawsuits against defendants Smith's Food and Drug Centers Inc., Fry's Food and Drug Stores, and Dillion Real Estate Co Inc. alleging that the parking lots serving the subject stores lack compliant van-accessible parking signs.  Plaintiffs have filed hundreds of similar abusive lawsuits against business throughout the State of Arizona.  It has gotten so bad that the Arizona Attorney General has moved to intervene to consolidate and dismiss these frivolous lawsuits to protect the public.

As explained below, the Court should consolidate all six lawsuits filed against Defendants since they involve the same or substantially the same parties, events, causes of action, and questions of law and fact, and adjudicating them separately would be inefficient and cause a duplication of labor and expense.

## STATEMENT OF FACTS

**A.    LAWSUIT 1: 2:16-CV-01586 -JJT**

On May 23, 2016,  defendant Smith's Food and Drug Centers, Inc. filed a Notice of Removal of the action filed by plaintiffs Advocates for Individuals with Disabilities, LLC ("AID") and David Ritzenthaler ("Ritzenthaler"), which alleged that the parking lot serving one of Smith's stores, located at 3261 E Pecos Road in Gilbert, contained architectural barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492.  (Complaint at ¶¶2, 4).  In particular, plaintiffs allege that Ritzenthaler "became aware" on or about March 15, 2016, that the van-accessible sign was noncompliant.  (Complaint 1 at ¶10).  This lawsuit was the first-removed case, and it is assigned to United States District Court Judge John J. Tuchi.  This Court set a scheduling conference for October 31, 2016.

**B.**   **LAWSUIT 2: 2:16-CV-01587-SPL**

On May 23, 2016, defendant Fry's Food and Drug Stores filed a Notice of Removal of the action filed by plaintiffs AID and Ritzenthaler, which alleged that the parking lot serving one of Fry's stores, located at 1845 E. Baseline Road, in Gilbert contained architectural barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492. (Complaint 2 at ¶¶2, 4, attached as Exhibit A to Chilleen Decl.).  In particular, plaintiffs allege that Ritzenthaler "became aware" on or about March 15, 2016, that the van-accessible sign was noncompliant. (Complaint 2 at ¶10).  This case is assigned to United States District Court Judge Steven P. Logan.  On June 1, 2016, the Court issued a scheduling order.  (Dkt. 9.). On July 15, 2016, the Court issued a scheduling order.

**C.**   **LAWSUIT 3: 2:16-CV-02770-SPL**

On August 17, 2016, defendant Smith's Food and Drug Centers, Inc. filed a Notice of Removal of the action filed by plaintiff Advocates for Individuals with Disabilities Foundation, Inc., which alleged that the parking lot serving one of Smith's stores, located at 3616 E. Ray Road in Phoenix, contained architectural barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492. (Complaint 3  at ¶¶48, 49, attached as Exhibit B to Chilleen Decl.).  In particular, plaintiff alleged that the van-accessible sign was noncompliant.  (Complaint 3 at ¶69).  This case is assigned to United States District Court Judge Steven P. Logan.

**D.**   **LAWSUIT 4: 2:16-CV-02706-DGC**

On August 10, 2016, Defendant Smith's Food and Drug Centers, Inc. filed a Notice of Removal of the action filed by plaintiff Advocates for Individuals with Disabilities Foundation, Inc., which alleged that the parking lot serving one of Smith's stores, located at 850 E. Hatcher Road in Phoenix, contained architectural barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492.

1   (Complaint 4 at  ¶¶2, 3, attached as Exhibit C to Chilleen Decl.).  In particular,

2   plaintiff alleges that the van-accessible sign was noncompliant.  (Complaint 4 at

3   ¶21).  This case is assigned to United States District Court Judge David G.

4   Campbell.  A case management conference is scheduled for September 28, 2016.

5   **E.**      **LAWSUIT 5: 2:16-CV-02711-JJT**

6          On August 10, 2016, defendant Smith's Food and Drug Centers, Inc. filed a

7   Notice of Removal of the action filed by plaintiff Advocates for Individuals with

8   Disabilities Foundation, Inc., which alleged that the parking lot serving one of

9   Smith's stores, located at 4235 E. Bell Road in Phoenix, contained architectural

10  barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492.

11  (Complaint 5 at ¶¶2, 3, attached as Exhibit D to Chilleen Decl).  In particular,

12  plaintiff alleges that the van-accessible sign was noncompliant.  This case is

13  assigned to United States District Court Judge John J. Tuchi.  A case management

14  conference is scheduled for October 31, 2016.

15  **F.**      **LAWSUIT 6: 2:16-CV-02781-SRB**

16         On August 18, 2016, defendant Dillion Real Estate Co Inc. filed a Notice of

17  Removal of the action filed by plaintiff Advocates for Individuals with Disabilities

18  Foundation, Inc., which alleged that the parking lot serving of Defendant's stores

19  located at 855 W. Warner Road in Gilbert, contained architectural barriers in

20  violation of the ADA and its state counterpart, A.R.S. § 41-1492.  (Complaint 6 at

21  ¶¶2, 3, attached as Exhibit E to Chilleen Decl).  In particular, plaintiff alleges that

22  the van-accessible sign was noncompliant.  (Complaint 6 at ¶21).  This case is

23  assigned to United States District Court Judge Susan R. Bolton.  The Court stayed

24  this lawsuit until United States District Court Judge Campbell rules on two Order to

25  Show Cause re dismissal.  Judge David G. Campbell issued these two Order to

26  Show Cause because he has "serious concerns" regarding whether serial plaintiffs

1    AID and Advocates for Individuals with Disabilities, LLC have standing to bring

2    these nuisance lawsuits.  (OSC, attached as Exhibit F to Chilleen Decl.).

3    **G.**     **THE ARIZONA ATTORNEY GENERAL HAS MOVED TO**

4            **INTERVENE AND CONSOLIDATE HUNDREDS OF CASES FILED**

5            **BY PLAINTIFFS TO PROTECT THE PUBLIC FROM THEIR**

6            **ABUSIVE LAWSUITS**.

7            The Arizona Attorney General has moved to intervene to consolidate and

8    dismiss hundreds of similar cases filed by Plaintiffs.  The Arizona Attorney General

9    has stated that intervention and consolidation is necessary to protect the public from

10   being extorted by Plaintiffs' frivolous and abusive ADA lawsuits.  (State of

11   Arizona's Motion to Intervene, attached as Exhibit G to Chilleen Decl.; See also

12   News Article, attached as Exhibit H to Chilleen Decl.)

13                              **ARGUMENT**

14   **I.    LEGAL STANDARD.**

15           Under F.R.C.P. 42, a court may consolidate actions "involving a common

16   question of law or fact." F.R.C.P. 42(a)(2).

17           Under Local Rule 42.1, "when two or more cases are pending before

18   different Judges, a party in any of those cases may file a motion to transfer the case

19   or cases to a single judge on the ground that the cases: (1) arise from substantially

20   the same transaction or event; (2) involve substantially the same parties or property;

21   (3) involve the same patent, trademark, or copyright; (4) call for determination of

22   substantially the same questions of law; or (5) for any other reason would entail

23   substantial duplication of labor if heard by different judges." L.R. 42.1(a).

24           "The following factors may be considered in determining the Judge to whom

25   the case or cases will be assigned: (1) whether substantive matters have been

26   considered in a case; (2) which Judge has the most familiarity with the issues

involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." L.R. 42.1(d).

## II.  ALL SIX LAWSUITS SHOULD BE CONSOLIDATED AND ASSIGNED TO JUDGE CAMPBELL.

In this case, it cannot be reasonably disputed that all six lawsuits involve common questions of law or fact, arise substantially from the same event, involve substantially the same parties, and would entail substantial duplication of labor if heard by different judges:

- All six lawsuits assert the exact same causes of action - alleged violations of the ADA and A.R.S. § 41-492;

- All six lawsuits involve substantially the same parties - plaintiffs AID and Ritzenthaler in Lawsuits 1 and 2 and a related advocacy group in Lawsuits 3, 4, 5 and 6; and defendant Smith's Food and Drug Centers Inc. in Lawsuits 1, 3, 4, and 5, and related entities, Fry's Food and Drug Stores in Lawsuit 2, and Dillion Real Estate Co Inc. in Lawsuit 6.

- All six lawsuits allege the same type of violation - the failure to have proper van accessible parking signs;

- All six lawsuits involve substantially the same events - Ritzenthaler driving around seeking improper van-accessible parking signage;

- The attorneys representing the plaintiffs and defendants are the same in all six lawsuits; and

- Adjudicating these six lawsuits separately would involve substantial duplication of labor - the parties would have to propound four sets of written discovery instead of one, take and defend duplicative depositions of the same parties, conduct separate settlement conferences, file duplicative discovery and

1   dispositive motions, attend separate hearings etc.

2        Indeed, courts have already consolidated similar actions filed by Plaintiffs

3   over their objections.  (Order granting Home Depot's motion for consolidation,

4   attached as Exhibit I to Chilleen Decl.).

5        For the above reasons, Defendant requests that all six lawsuits be

6   consolidated.  Since Judge David G. Campbell is already actively involved in

7   numerous lawsuits filed by Plaintiffs and has issued two Order to Show Causes

8   why they should not be dismissed for lack of standing, Defendant requests that all

9   of these lawsuits be consolidated and assigned to Judge David G. Campbell.

10                          **CONCLUSION**

11        For the above reasons, Defendant requests that the Court grant its motion for

12   consolidation.

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By /s/ Gregory F. Hurley
     Gregory F. Hurley

*Attorneys for Defendant SMITH'S FOOD &
DRUG CENTERS, INC.*

1
2
3
4

## **CERTIFICATE OF SERVICE**

5
6
7
8

I hereby certify that I electronically transmitted the attached document to the

Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to

the following if non-registrants, this 16th day of September 2016:

9
10
11

Peter Strojnik
Strojnik Firm LLC
40 N Central Ave., Suite 1400
Phoenix, Arizona  85004
*Attorneys for Plaintiff*

12
13
14

/s/ Maria Marotta _____

15
16
17
18
19
20
21
22
23
24
25
26